**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

                                       **Case No. 2:20-cr-85**
       **Plaintiff,**                  **JUDGE EDMUND A. SARGUS, JR.**

       **v.**

**DAVID PETERS,**

       **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Defendant David Peters' Motion for Compassionate Release. (ECF No. 56.)  For the following reasons, Defendant's motion is **DENIED**.

### I.      BACKGROUND

On December 16, 2020, Defendant pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 39.) The Court sentenced Defendant to 51 months' imprisonment followed by three years of supervised release. (ECF No. 52.) On February 3, 2022, Defendant filed the instant motion for compassionate release (ECF. No. 56.) The Government responded on September 8, 2022. (ECF No. 63.) Defendant's motion is ripe for review.

### II.      STANDARD

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).

Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP").  *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1006. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist,

the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.     ANALYSIS

Defendant's motion must be denied because he has not submitted proof that he exhausted the statute's administrative requirements. Defendant "bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. McDonald*, No. 94-cr-20256-1, 2020 U.S. Dist. LEXIS 106051, at *7 (W.D. Tenn. June 8, 2020). Defendant's motion fails to state that he has exhausted his administrative remedies; Defendant does not claim to have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the Allenwood warden. Indeed, Defendant fails to allege that he has even filed a motion with the warden requesting early release—a prerequisite for compassionate release. Given Defendant's apparent failure to exhaust his administrative remedies, an Order granting compassionate release is inappropriate at this time.

Moreover, even if the Defendant had properly exhausted his administrative remedies, he is still not entitled to compassionate release because he does not allege an extraordinary and compelling reason for release. The Defendant avers that his mother "just had a heart attack" and "she's on a breathing machine needing someone to watch her close (that's me)." (ECF No. 56.) The Court appreciates Defendant's concern for his mother; however, such circumstances do not establish an extraordinary and compelling reason, "particularly when a defendant does not establish that his family member is incapacitated and that he is the only potential caregiver." *United States v. Green*, No. 07-20411, 2021 U.S. Dist. LEXIS 162022, at *5 (E.D. Mich. Aug. 26, 2021); *see also United States v. Ingram*, No. 2:14-cr-40, 2019 U.S. Dist. LEXIS 118304, at *2

(S.D. Ohio July 16, 2019) (finding no extraordinary or compelling reason where the defendant's 93-year-old mother suffered from chronic kidney disease and multiple myeloma, and was in hospice with no other relatives to care for her."); *United States v. Schnabel*, No. 2:17-cr-169, 2020 U.S. Dist. LEXIS 115970, at \*12 (S.D. Ohio July 1, 2020) (finding no extraordinary and compelling reason where the defendant's mother suffered from "hypertension, asthma, emphysema, hypertension, obesity, and cardiac problems which resulted in the installation of a pacemaker.").

Additionally, Defendant's motion also appears to suggest that his housing conditions place him at risk of contracting COVID-19. (ECF No. 56 (indicating Defendant's living unit currently has more than 25 people diagnosed with COVID-19, and that there is "no social distance or clean environment in this place").) These averments, however, also fail to constitute an extraordinary and compelling reason for release. *See United States v. Korn*, Nos. 15-r-81S, 11-cr-384S, 2020 U.S. Dist. LEXIS 62771, at \*17 (W.D.N.Y. Apr. 9, 2020) (finding the "mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme").

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release (ECF No. 56) is **DENIED**.

**IT IS SO ORDERED.**


**9/15/2022**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**